IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STATE OF OKLAHOMA, ex rel., | ) | |
| W.A. DREW EDMONDSON, | ) | |
| ATTORNEY GENERAL OF | ) | |
| OKLAHOMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-06-487-C |
| | ) | |
| TIM POPE, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION & ORDER

Plaintiff brought this enforcement action against Defendant, a political consultant, for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C.A. § 227. See 47 U.S.C. § 227(f)(1).  At summary judgment, the Court found that Defendant's initiation of thousands of calls to Oklahoma residences in January 2006, that played a prerecorded, political message when answered but did not identify Defendant or provide contact information, violated TCPA technical requirements.  (Dkt. No. 29.)  The Court also found that application of those requirements did not run afoul of the First Amendment.  (Id.)

The parties were instructed to file briefs on Plaintiff's request for an injunction and damages.  They have since done so and provided evidentiary support.  (Dkt. Nos. 31, 33, 34.)  Both sides join in submitting the injunction and damages issues for decision on the written record.  (Dkt. No. 35.)

DISCUSSION

47 U.S.C. § 227(f)(1) provides:

> Whenever the attorney general of a State, or an official or agency designated by a State, has reason to believe that any person has engaged or is engaging in a pattern or practice of telephone calls or other transmissions to residents of that State in violation of this section or the regulations prescribed under this section, the State may bring a civil action on behalf of its residents to enjoin such calls, an action to recover for actual monetary loss or receive $500 in damages for each violation, or both such actions. If the court finds the defendant willfully or knowingly violated such regulations, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the preceding sentence.

Plaintiff requests a permanent injunction requiring Defendant to comply with the technical standards of the TCPA in any future prerecorded telephone messages initiated by him and an award of damages in the amount of $106,210. Defendant opposes both requests, arguing that an injunction is not warranted and that the requested damages are punitive in nature.

With respect to an injunction, the Court agrees that one is warranted. The statutory provision cited above clearly sanctions such relief upon proof of TCPA violations. Defendant appears to have voluntarily begun compliance with the TCPA identification requirements after the violations at issue in this case. (Dkt. No. 34 Ex. 1, Pope Aff. ¶ 7.) But such conduct does not undo the more than ten thousand unidentified calls received by Oklahomans in January 2006 or obviate the need for a permanent injunction to deter future violations. Therefore, Plaintiff's request for a permanent injunction is granted.

However, Plaintiff has not presented sufficient evidence to support its request for damages.  As indicated, Plaintiff has not sought damages based on the statutorily authorized amount of $500 per violation.  Instead, Plaintiff has opted to recover the "actual monetary loss" incurred by those people who received calls containing Defendant's prerecorded message.  Plaintiff contends that $10 per received call is a proper measure of actual monetary loss and commensurate to the "invasion of privacy suffered by the recipients of . . . Defendant's message, their wasted time, and the general aggravation of being unable to register their wish not to be called again."  (Dkt. No. 31, Pl.'s Br. at 5.)  However, Plaintiff has offered absolutely no evidence to support its assessment.  Nor does Plaintiff distinguish between the damage caused by the lack of identification (the violation here) and the call itself.

In contrast, Defendant proposes that the Court consider only the nine complaints received by the Attorney General's Office and calculate damages using the $500 per violation amount provided by statute.  This is the only calculation supported by the statute, given the absence of any evidence as to actual monetary loss, and it produces a more reasonable and equitable result.  Therefore, Plaintiff is awarded damages in the amount of $4,500.

CONCLUSION

Plaintiff's request for a permanent injunction is GRANTED.  Plaintiff's request for monetary damages is GRANTED, but at the lesser amount of $4,500.  Judgment shall issue accordingly.

IT IS SO ORDERED this 15th day of March, 2007.


ROBIN J. CAUTHRON
United States District Judge

4